UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLINE HILBER | ) | CASE NUMBER:  1:22-cv-02305 |
| | ) | |
| Plaintiff | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| vs. | ) | |
| | ) | **ANSWER ON BEHALF OF MALLEY'S** |
| MALLEY'S CANDIES, INC. | ) | **CANDIES, LLC. AND COUNTERCLAIM** |
| | ) | (Jury Demand Endorsed Hereon) |
| Defendant | ) | |
| | ) | |
| | ) | |

Now comes Defendant, Malley's Candies, LLC ("Malley's"), who for its Answer to the

Complaint of Plaintiff Caroline Hilber ("Hilber") states as follows:

1.      Malley's denies for want of knowledge sufficient to form a belief as to the truth of

the allegations contained in paragraph 1 of Hilber's Complaint.

2.      Malley's denies the allegations contained in paragraphs 2 and 3 of Hilber's

Complaint.

3.      Malley's denies for want of knowledge sufficient to form a belief as to the truth of

the allegations contained in paragraph 4 of Hilber's Complaint.

4.      Malley's denies the allegations contained in paragraph 5 of Hilber's Complaint

except to admit that Malley's Candies, LLC is a Delaware limited liability company registered to

do business in Ohio and that it owns the trade name Malley's Chocolates.

5.      Malley's denies for want of knowledge sufficient to form a belief as to the truth of

the allegations contained in paragraphs 6 through 77 of Hilber's Complaint.

6.    Malley's denies the allegations in paragraph 78 of Hilber's Complaint except to admit that Malley's and Hilber entered into an arrangement pursuant to which Hilber was to provide certain graphic design services to Malley's.

7.    Malley's denies the allegations contained in paragraph 79 of Hilber's Complaint except to admit that Hilber was not an employee of Malley's during the time period that she provided graphic design services to Malley's.

8.    Malley's denies the allegations contained in paragraph 80 of Hilber's Complaint.

9.    Malley's denies for want of knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 81 and 82 of Hilber's Complaint.

10.    Malley's denies the allegations in paragraph 83 of Hilber's Complaint except to admit that in 2021 Malley's requested Hilber to provide Malley's with the digital files for certain photographs for which she had been paid by Malley's.

11.    Malley's denies the allegations contained in paragraph 84 of Hilber's Complaint.

12.    Malley's denies the allegations contained in paragraphs 85 and 86 of Hilber's Complaint except to admit that in the Fall of 2021, Hilber performed some graphic design services for Malley's and that Hilber submitted an invoice in the amount of $4,475 to Malley's.

13.    Malley's denies the allegations contained in paragraph 87 of Hilber's Complaint except to admit that Hilber filed a lawsuit against Malley's in the Court of Common Pleas for Cuyahoga County under the referenced case number.

14.    Malley's denies the allegations contained in paragraph 88 of Hilber's Complaint except to admit that Hilber submitted an invoice to Malley's in the amount of $17,125 and that Hilber filed a lawsuit against Malley's in the Court of Common Pleas for Cuyahoga County, Ohio under the referenced case number.

15.     Malley's denies for want of knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 89 and 90 of Hilber's Complaint except to specifically deny that the invoices remain unpaid.

16.     Malley's admits the allegations contained in paragraph 91 of Hilber's Complaint only insofar as Hilber filed a lawsuit against Malley's in the Court of Common Pleas for Cuyahoga County, Ohio under the referenced case number but further denies the balance of the allegations contained in paragraph 91.

17.     Malley's denies the allegations contained in paragraphs 92 through 165 of Hilber's Complaint.

18.     In response to paragraph 166 of Hilber's Complaint, Malley's realleges and incorporates its previous responses to paragraphs 1 through 165 as if fully rewritten herein.

19.     Malley's denies the allegations contained in paragraphs 167 through 169 of Hilber's Complaint.

20.     In response to paragraph 170 of Hilber's Complaint, Malley's realleges and incorporates its previous responses to paragraphs 1 through 169 as if fully rewritten herein.

21.     Malley's denies the allegations contained in paragraphs 171 through 174.

22.     In response to paragraph 175 of Hilber's Complaint, Malley's realleges and incorporates its previous responses to paragraphs 1 through 174 as if fully rewritten herein.

23.     Malley's denies the allegations contained in paragraphs 176 through 178 of Hilber's Complaint.

24.     In response to paragraph 179 of Hilber's Complaint, Malley's realleges and incorporates its previous responses to paragraphs 1 through 178 as if fully rewritten herein.

25.     Malley's denies the allegations contained in paragraphs 180 through 191 of Hilber's Complaint.

## AFFIRMATIVE DEFENSES

1.     Malley's affirmatively states that Hilber's photographs as referenced in the Complaint do not constitute "independent creations" to which copyright, trademark or trade dress might attach.

2.     Malley's affirmatively states that Hilber's claim for infringement must fail under the doctrine of consent/license.

3.     Malley's affirmatively states that Hilber's claimed ownership over copyright must fail as Malley's maintained an equitable copyright over all the referenced artwork in the Complaint.

4.     Malley's affirmatively states that Hilber's claim for infringement must fail under the doctrine of inequitable conduct insofar as Hilber's claimed assertion of copyright over the subject artwork was obtained through fraud and/or deceptive conduct.

5.     Malley's affirmatively states that it exercised an implied license over the subject artwork and that Hilber is barred from asserting copyright interests in said artwork.

6.     Hilber is equitably estopped from asserting any claim of copyright infringement.

7.     Malley's was unaware that Hilber had registered the copyright in any of the photographs for which Malley's had paid Hilber to take for use in connection with Malley's advertising efforts.

WHEREFORE, Malley's prays that Hilber's Complaint against it be dismissed with prejudice at Hilber's cost.

## COUNTERCLAIM

For its Counterclaim against Hilber, Malley's alleges as follows:

1.     Malley's, also known as Malley's Chocolates, is a Delaware limited liability company registered to do business in Ohio.

2.     Malley's was founded by Albert "Mike" Malley in 1935 with a small store and living quarters in Lakewood, Ohio.  Throughout the next eight decades, it steadily expanded and now consists of 19 retail stores throughout the region and a modern chocolate-making factory on a five-acre, 60,000 square foot headquarters on Brookpark Road in Cleveland.

3.     Malley's is well-known for a variety of products, including but not limited to chocolate bars; chocolate candies; chocolate covered pretzels; chocolate covered cashews; chocolate covered potato chips; chocolate covered almond clusters;  chocolate covered grapes; milk chocolate caramel cream candy; milk chocolate caramel cream candy; dark chocolate caramel cream candy;  milk chocolate covered pecan-caramel-marshmallow candy;  chocolate covered almonds-toffee; chocolate covered nutty brittle; and ice cream.

4.     The Malley's name, trade dress and trademarks are well-known, and the consuming public has come to associate the Malley's name, marks and trade dress with Malley's as the source or origin of quality candy, ice cream and other confections.  Malley's has registered several of its trademarks with the United State Patent and Trademark Office, including "Malley's" for candy (registration number 3190569, dated January 2, 2007), "Malley's" for restaurant services (registration number 3190570, dated January 2, 2007), "Malley's Chocolates" for candy (registration number 3235571, dated May 1, 2007), "Malley's Candies" for restaurant services (registration number 4142831, dated May 15, 2012); "CHOC" for candy and nuts

(registration number 6254465, dated January 26, 2021) and for restaurant services (registration number 5793172, dated July 2, 2019), and others.

     5.     Malley's also has other unregistered trademarks that it uses in connection with its candy and ice cream products, including "Bordeaux" (in connection with candy), "Bordeaux Sundae" (in connection with ice cream), Pecan Billybobs and Nutmallow.

     6.     For its trade dress, Malley's has long used a combination of pink and green bars on some of its packaging as illustrated in the following:



The consuming public has come to associate the pink and green bars as Malley's trade dress.

     7.     Hilber is an individual who resides in Cuyahoga County, Ohio.  Hilber provides graphic design services.

     8.     In 2018, Malley's engaged Hilber as an independent contractor to provide graphic design services for use in Malley's marketing and advertising efforts.  During the course of

Hilber's working relationship with Malley's, Malley's purchased photographic equipment for Hilber to use to take photographs to be included in the Malley's advertisements.  Malley's purchased, among other things, several cameras, lighting equipment and props.

9.      Throughout the duration of Hilber's engagement, Malley's continued to purchase and/or reimburse Hilber for equipment, material and props to enable her to take photographs of Malley's products.   For instance, on December 1, 2020, Hilber invoiced Malley's for new "light bulbs for the photos." Similarly, on June 2, 2021, Hilber invoiced Malley's for the cost to purchase "fruit and reflectors (for photography)."

10.      Throughout her engagement with Malley's, Hilber worked on the design of advertisements and packaging materials at Malley's request.  For example, in June 2021, at Malley's request, Hilber provided Malley's with the following packaging design for dark chocolate covered pretzels:



As another example, in June 2021, at Malley's request, Hilber provided Malley's with the following packaging design for Malley's Nutmallow product:



And, as a third example, in August 2021, at Malley's request, Hilber provided Malley's with the following packaging design for Malley's Coconut Haystack product:



11.    Hilber invoiced Malley's for the graphic design work that she performed for Malley's and Malley's paid Hilber for those design services.

12.    Hilber clearly understood that Malley's intended to use these designs to produce thousands of boxes into which the Malley's products would be packaged for sale to consumers.

13.    During her engagement with Malley's, at Malley's request, Hilber also worked on numerous advertisements for Malley's products.  For example, in the Fall of 2018, at Malley's request, Hilber provided Malley's with the following advertisement:



As another example, in the late Summer of 2019, at Malley's request, Hilber provided Malley's with the following advertisement:



As a third example, in the Fall of 2019, at Malley's request, Hilber provided Malley's with the following advertisement:



14.     Hilber invoiced Malley's for the work that she performed for Malley's in connection with preparing the advertisements, including any photographs that Hilber took using Malley's photographic equipment, and Malley's paid Hilber for those services.

15.     Hilber clearly understood and intended that Malley's would subsequently publish the advertisements on social media or in newspapers so as to promote the sale of the Malley's product or products depicted in the advertisement.

16.     In October 2021, Malley's requested that Hilber provide Malley's with the native files for the all of the photographs that Hilber had included in the various advertisements that had been prepared at Malley's request.  Although Hilber initially agreed to provide the native files, she failed to do so and subsequently refused to do so.

17.     Hilber has used the photographs that she took at Malley's request to advertise her services as a graphic artist.  For example, Hilber has published the following photograph on her Instagram account:



Hilber did not ask Malley's for permission to use the Malley's trademarks depicted in this photograph and Malley's has never consented to Hilber's use of the Malley's trademarks to advertise Hilber's services.

18.     Hilber has also posted the following photograph on her Instagram account to advertise her graphic design services:



Hilber did not ask Malley's for permission to use the Malley's trademarks depicted in this photograph and Malley's has never consented to Hilber's use of the Malley's trademarks to advertise Hilber's services.

19.    Hilber posted the following photographs on her Instagram account to publicize her services:



  

Hilber did not ask Malley's for permission to use the Malley's trademarks depicted in these photographs and Malley's has never consented to Hilber's use of the Malley's trademarks to advertise Hilber's services.

20.    Hilber also has used photographs of Malley's products on her website.  For example, the following is a screen shot of the first page of her website in which the Malley's Bordeaux Sundae is clearly depicted.



Hilber did not ask Malley's for permission to use the Malley's trademark and trade dress depicted in this photograph and Malley's has never consented to Hilber's use of the Malley's trademarks to advertise Hilber's services.

21.     During the course of the state court litigation initiated by Hilber against Malley's, Malley's made clear that Hilber was not authorized to use any of the photographs that she had taken at Malley's request, and that she was not authorized to use Malley's name, trademarks or trade dress in any fashion whatsoever.

**COUNT I**
**Trademark Infringement under 15 U.S.C. § 1114**

22.     Malley's incorporates by reference paragraphs 1 through 21 of this Counterclaim.

23.     Malley's has registered the trademarks in the name "Malley's," "Malley's Chocolates," and the mark "CHOC."  Hilber has used the "Malley's," "Malley's Chocolates," and CHOC marks in commerce without authorization from Malley's.  Hilber's use of the "Malley's," "Malley's Chocolates," and "CHOC" marks is likely to cause confusion, or to cause mistake, or to deceive.

24.     Malley's has been damaged as a result of Hilber's use of Malley's trademarks and will continue to be irreparably harmed unless Hilber's use is stopped.  Malley's has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer is Hilber is permitted to continue her infringement.

25.     Hilber's infringement was willful.

26.     This Court has subject matter jurisdiction over this action as a federal question under 28 U.S.C. §§ 1338(a), 1331, and 1367.  Venue is proper under 26 U.S.C. § 1391.

**COUNT II**
**False Designation of Origin or Sponsorship, False Advertising,**
**and Trade Dress Infringement under 15 U.S.C. § 1125(a)**

27.     Malley's incorporates by reference paragraphs 1 through 26 of this Counterclaim.

28.     Hilber's use of the Malley's name, trademarks and trade dress is likely to confuse members of the consuming public as to the origin, source, sponsorship, or affiliation of Hilber's services.  Hilber's use of the Malley's name, trademarks and trade dress is likely to cause members of the consuming public to believe, erroneously, that her services have been authorized, sponsored, approved, or endorsed by Malley's, or that Hilber is in some way affiliated with Malley's.

29.     Hilber's acts constitute false advertising and false designation of the origin and/or sponsorship of her services and constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

30.     Malley's has been damaged as a result of Hilber's false advertising and false designation of the origin and will continue to be irreparably harmed unless Hilber's wrongful conduct is stopped.  Malley's has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer is Hilber is permitted to continue her false advertising and false designation of the origin.

## COUNT III
## Trademark and Trade Dress Dilution under 15 U.S.C. § 1125(c)

31.    Malley's incorporates by reference paragraphs 1 through 30 of this Counterclaim.

32.    Malley's trademarks have become famous and distinctive through Malley's continuous and exclusive use of those marks in connection with Malley's products.

33.    Because Malley's products have a reputation for superior quality, the Malley's trademarks have gained substantial renown and have become famous.

34.    Hilber has, without permission, willfully and intentionally used and continues to use the Malley's trademarks in connection with the advertisement, promotion, and sale of her services.

35.    Hilber's unauthorized use of the Malley's trademarks dilutes, blurs, tarnishes, and whittles away the distinctiveness of those marks in violation of Malley's rights under 15 U.S.C. § 1125(c). Hilber has used and continues to use the Malley's trademarks willfully and with the intent to dilute the Malley's trademarks and with the intent to trade on the reputation and goodwill associated with the Malley's trademarks.

36.    Malley's has been damaged as a result of Hilber's misuse of Malley's trademarks and will continue to be irreparably harmed unless Hilber's wrongful conduct is stopped.  Malley's has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer is Hilber is permitted to continue her dilution of Malley's trademarks.

37.    This is an exceptional case within the meaning of 15 U.S.C. § 111 (a).

## COUNT IV
## Declaratory Judgment of Implied License

38.    Malley's incorporates by reference paragraphs 1 through 37 of this Counterclaim.

39.     Malley's requested Hilber to provide graphic design services to Malley's, which included the design of certain packaging and advertisements and the creation of certain photographs to use in that packaging and advertisements.

40.     Hilber designed certain packaging and advertisements for Malley's, including photographs to be included in that packaging and advertisements, and delivered those designs to Malley's.

41.     Hilber intended that Malley's would copy those packaging designs and use them to package its products for sale to the consuming public.  Hilber also intended for Malley's to copy the advertisements and distribute them to the consuming public through various means, such as social media and newspaper advertising.

42.     Malley's contends that it has a license to use all of the designs, advertisements and photographs that Hilber created during the term of her engagement with Malley's.

43.     Hilber contends that Malley's is infringing her copyrights by using the designs, advertisements and photographs that Hilber created during the term of her engagement with Malley's.

44.     An actual and justiciable controversy exists between the parties as to their respective rights to the designs, advertisements and photographs that Hilber created during the term of her engagement with Malley's.

45.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201et seq., Malley's seeks a declaration that it has an implied license to the designs, advertisements and photographs that Hilber created during the term of her engagement with Malley's.

## COUNT V
## Common Law Trademark Infringement

46.     Malley's incorporates by reference paragraphs 1 through 45 of this Counterclaim.

- 16 -

47.     Malley's was the first to use the "Malley's," "Malley's Chocolates," "Malley's Candies," "Bordeaux," and "CHOC" (in connection with candy), "Bordeaux Sundae" (in connection with  ice cream), Pecan Billybobs (in connection with candy), nutmallow and various other trademarks in connection with the sale of candy and related products.  As a result of the continued use by Malley's of these trademarks, they have become widely known and the consuming public believes that the goods and services associated with those marks originates with Malley's or is otherwise sponsored or approved by Malley's.

48.     As a result of the experience and care of Malley's in producing Malley's products, Malley's products have become widely known and have acquired a reputation for the highest quality.  Moreover, the Malley's trademarks have become associated with Malley's products and have come to symbolize the reputation for quality and excellence of Malley's products. Accordingly, the Malley's Trademarks have become distinctive.

49.     Hilber, with knowledge of and with intentional disregard of Malley's rights, continues to advertise, promote, and sell services using the Malley's trademarks. Hilber has caused and will continue to cause confusion as to the source and/or sponsorship of Hilber's services.

50.     Hilber's acts constitute willful infringement of Malley's exclusive rights in the Malley's trademarks, in violation of common law.

51.     As a result of Hilber's infringement, Malley's has suffered actual damages and will be irreparably harmed if Hilber is not enjoined from further acts of infringement.

**COUNT VI**
**Ohio Deceptive Trade Practices Act**

52.     Malley's incorporates by reference paragraphs 1 through 51 of this Counterclaim.

53.     Hilber has violated the Ohio Deceptive Trade Practices Act, R.C. 4165.02, by causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or

- 17 -

certification of goods or services and by causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another.

54.     Competition between Hilber and Malley's is not required to prove a violation of the Ohio Deceptive Trade Practices Act.

55.     Pursuant to R.C. Section 4165.03, Malley's is entitled to its actual damages, injunctive relief and its reasonable attorneys' fees incurred in pursuing this action.

## <u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Malley's prays that this Court enter judgment in its favor and against Hilber as follows:

(a)     A permanent injunction enjoining Hilber from:

    i.  Making unauthorized use of any of the Malley's trademarks or trade dress;

    ii.  Producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service using any of the Malley's trademarks or trade dress;

    iii.  Using any false designation of origin or false description which can, or is likely to, lead members of the public to believe that any service sold by Hilber is in any manner associated or connected with Malley's, or is sponsored, approved or authorized by Malley's; and

    iv.  Engaging in any other activity constituting unfair competition with Malley's with respect to the Malley's trademarks or trade dress;

(b)  Monetary damages in an amount appropriate to compensate Malley's for its actual damages, as shown at trial;

(c) Alternatively, an award of Hilber's profits from all services rendered while she used the Malley's name, trademarks or trade dress to advertise her services;

(d) Treble damages pursuant to 15 U.S.C. § 1116;

(e) A declaration that Malley's has an implied license to use all designs, advertisements and photographs that Hilber created during the term of her engagement with Malley's;

(f) Attorneys' fees and other litigation costs;

(g) For such other relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Dennis R. Fogarty*

DENNIS R. FOGARTY (0055563)
**DAVIS & YOUNG**
35000 Chardon Road, Suite 100
Willoughby Hills, OH 44094
T:  (216) 348-1700
F:  (216) 621-0602
Email:  dfogarty@davisyoung.com

James B. Niehaus (0020128)
Lindsey Carr Siegler (0074182)
FRANTZ WARD LLP
200 Public Square, Suite 3000
Cleveland, OH 44114
Phone: (216) 515-1660
Fax: (216) 515-1650
*jniehaus@frantzward.com*
*lcarrsiegler@frantzward.com*

***Attorneys for Malley's Candies, LLC***

## JURY DEMAND

A trial by jury is hereby demanded as to all issues presented by the maximum number of jurors permitted by law.

- 19 -

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing was electronically filed with the Court on March 9, 2023.

Notice of this filing will be sent by operation of the Court's case management and electronic case

filing system.  Parties may access this filing through the Court's case management and electronic

case filing system.

*/s/ Dennis R. Fogarty*
DENNIS R. FOGARTY (0055563)
***Attorney for Malley's Candies, LLC***
