UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLINE HILBER, | ) | CASE NO.:  1:22-cv-2305 |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MALLEY'S CANDIES, LLC, | ) | **AND ORDER** |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

Before the Court is Plaintiff's Motion for Leave to Amend the Complaint (Doc. No. 33), which has been fully briefed (Doc. Nos. 37, 40).  Also before the Court is Plaintiff's Motion to Compel Civil Rule 30(b)(6) Deposition Regarding Ownership and Related Evidence (Doc. No. 39), which has been fully briefed (Doc. Nos. 41, 42).  For the reasons below, leave to amend the Complaint is DENIED, and the motion to compel the Rule 30(b)(6) deposition is GRANTED in part.

I.      **Background**

A.      **Pleadings**

On December 22, 2022, Caroline Hilber ("Hilber" or "Plaintiff") filed a complaint against Malley's Candies, Inc. ("Malley's" or "Defendant").  (Doc. No. 1.)  Plaintiff is a graphic designer who prepared artwork showing various candy and food products offered by Defendant ("Works").  (*Id.* at 3-25 ¶¶ 11-77.)  Plaintiff contends that she was the sole owner of the Works, for which she filed registrations with the U.S. Copyright Office.  (*Id.* ¶¶ 79-81.)

Plaintiff – operating as an independent contractor – created Works for Malley's from 2018 to 2021.  (*Id.* at 25 ¶ 80.)

1

Pursuant to Agreement, Hilber submitted more than sixty invoices to Malley's between 2018 and 2020 totaling more than $230,000, which until late 2021, were paid promptly and without question or concern by Malley's to Hilber for services.

In 2021, Malleys' requested to receive native files associated with Hilber's Work. Hilber informed Malley's that she was the owner of copyrights associated with her Work and therefore was not required to provide the requested native files associated with her Work.

Malley's continued the use of Hilber's services. However, upon information and belief, Malley's sought to obtain further services with the intention of not compensating Hilber under the Agreement.

In the Fall of 2021, Hilber prepared a substantial amount of Works requested by Malley's for the fall and winter holidays, including Sweetest Day, Halloween, Thanksgiving, Christmas, and Valentine's Day, which works were copyrighted.

(*Id.* ¶¶ 82-85.)

On October 1, 2021, Hilber submitted an itemized invoice to Malley's in the amount of $4,475.00 for prepared Works.  (*Id.* ¶ 86.)  On October 6, 2021, Hilber submitted an itemized invoice to Malley's in the amount of $17,125.00.  (*Id.* ¶ 87.)  Malley's allegedly refused to pay those invoices until Hilber brought suit in state court on January 19, 2022.  (*Id.* ¶¶ 87-88.)

The Complaint alleges re-use of the Works by Defendant without authorization or permission from Plaintiff.  (*Id.* at 27-35 ¶¶ 92-162.)  "Malley's has published the Works in printed and electronic advertisements that have reached thousands, if not millions of customers, locally, nationally and internationally, and which published advertisements which were the subject of the two invoices that remained unpaid until Hilber brought suit . . . ."  (*Id.* ¶ 89.)  The Complaint details alleged copyright-infringing uses of the Works that occurred between December 2021 and December 2022.  (*Id.* at 27-35 ¶¶ 92-162.)[1]

---

[1] In addition to seeking leave to add claims against two new defendants, which the Court denies herein, Hilber's motion sought to add references to repeat infringing uses *by Malley's* that occurred in 2023.  (*See* Doc. No. 33-1 at 233 ¶ 99; *id.* at 241-42 ¶ 166.)  The Court hereby allows those two changes.  *See* Section II.B.

2

Hilber claims that Malley's had its designers extract elements out of Hilber's copyrighted native original files for use in Malley's ads over the past few years.  The Complaint seeks declaratory relief and damages for deceptive practices, unfair competition, and copyright infringement.  (*Id.* at 36-38 ¶¶ 166-91.)

On March 9, 2023, Defendant answered the Complaint and filed a Counterclaim.  (Doc. No. 7.)  In that pleading, Defendant says it paid for the equipment and resources used by Plaintiff to photograph Malley's products and create the Works.  (*Id.* at 76 ¶¶ 8-9.)  Defendant points out that Plaintiff also designed boxes and created advertisements for social media.  (*Id.* at 76-79 ¶¶ 10-15.)  These were understood and intended to be reused in the future, Defendant pleads.  (*Id.* ¶ 12, 15.)  Defendant asserts counterclaims of trademark dilution and infringement under federal and state law.  Defendant alleges that Plaintiff used some of the Works – which feature Malley's products and trademarks – on her webpages to promote her own graphic design business.  (*Id.* at 79-82 ¶¶ 17-21.)  Finally, Defendant seeks a declaratory judgment recognizing an implied license.  (*Id.* at 84-85 ¶¶ 38-45.)  "Malley's contends that it has a license to use *all* of the designs, advertisements and photographs that Hilber created during the term of her engagement with Malley's."  (*Id.* ¶ 42 (emphasis added).)[2]

### B.    Procedural History

In the parties' Fed. R. Civ. P. 26(f) report of their planning meeting (Doc. No. 13), they indicated that the "case should be completed within fifteen (15) months or less after filing."  (*Id.* at 133.)  The parties recommended June 15, 2023 as the deadline for amending pleadings and adding parties.  (*Id.* at 134.)

---

[2] Malley's Counterclaim asks for a decision that every one of the Works at issue in the Complaint should be deemed subject to an implied license.  (*Id.*)  That is broader than an implied license solely as to those designs for packaging or boxes, which arguably may have been designed inherently for replication.  (*See id.*)

On July 25, 2023, Plaintiff served her First Set of Requests for Production of Documents ("First Discovery Requests") on Defendant.  (Doc. No. 39 at 430.)  On November 16, 2023, Defendant served its written response to the First Discovery Requests.  (*Id.*; Doc. No. 39-1.)  On December 5, 2023, Defendant produced its first set of documents.  (*See id.*)

On September 11, 2023, in an effort to cooperate in discovery, Defendant provided Plaintiff with a list of search terms.  (Doc. No. 37 at 413.)  On September 15, counsel for Defendant asked counsel for Plaintiff whether he wanted to discuss the list of search terms, so that Defendant could similarly begin collecting and culling documents from its own server.  (*Id.* at 413-14.)  Counsel for Plaintiff did not provide a reciprocal list.  (*Id.* at 414.)  Three weeks later, counsel for Defendant again approached counsel for Plaintiff on October 3, 2023, asking to discuss potential search terms.  (*Id.*)  Although the lawyers traded dates for an upcoming discovery conference, counsel for Plaintiff still provided no search terms.  (*Id.*)  Counsel for Defendant requested search terms again on October 30, 2023, and on November 1, 2023, but did not receive a response from Plaintiff.  Defendant then proceeded with production of documents without the benefit of winnowing down records pursuant to relevant, agreed-upon terms.  (*Id.*; *cf.* Doc. No. 40 at 523.)[3]

On September 25, 2023, the parties jointly requested a 90-day extension of all case management scheduling dates.  (Doc. No. 18.)  As shown in the following excerpt from the joint motion, the parties expressly did *not* seek any modification of the deadline for new pleadings or parties.

---

[3] On April 20, 2023, the parties jointly submitted their Rule 26(f) report, which indicated that both sides "[a]gree to follow the default standard for discovery of electronically stored information (Appendix K to Northern District of Ohio Local Rules)."  (Doc. No. 13 at 134.)

4

| Event | Current Date | Requested Date |
|---|---|---|
| Amendment of Pleadings and New Parties | June 15, 2023 | No change |
| Non-expert discovery | September 29, 2023 | December 28, 2023 |

(Doc. No. 18 at 148.)  The Court granted that motion the following day.  (*See* Docket Order Sept. 26, 2023.)

Less than a month later, on October 31, 2023, the parties jointly moved for *an additional* 90-day extension beyond what previously was granted.  (Doc. No. 19.)  That motion largely mirrored the prior extension motion.  (*See id.*)  The Court denied the second motion.  (Doc. No. 20.)  In its Order, the Court noted:

> A 180-day extension may be warranted in some cases, but not here.  . . .  The parties' proposed deadlines, which were adopted by this Court on September 26, 2023, remain.

(Doc. No. 20 at 155-56.)

On December 6, 2023, a telephonic status conference was held at the joint request of the parties.  "The parties summarized the status of ongoing discovery and expressed the need for an extension of the present deadlines. The Court stated that a motion for extension of time must be filed with the Court."  (Minute Order December 6, 2023.)

On December 7, 2023, the parties jointly moved –

> for an additional sixty days of the current discovery cutoff from December 28, 2023 to February 28, 2024.  This would result in a commensurate request for extension of subsequent case management dates as well.  The proposed amendment of current case management dates is therefore as follows.

| Event | Current Date | Requested Date |
|---|---|---|
| Amendment of Pleadings and New Parties | June 15, 2023 | No change |
| Non-expert discovery | December 28, 2023 | February 28, 2024 |

| | | |
|---|---|---|
| Expert Report(s) for party bearing the burden of proof | January 29, 2024 | March 29, 2024 |
| Responsive Expert report(s) | February 28, 2024 | April 24, 2024 |
| Expert discovery deadline | April 29, 2024 | June 28, 2024 |
| Dispositive motion deadline | May 29, 2024 | July 29, 2024 |

The Parties acknowledge that no additional requests for extension will be made or allowed.

(Doc. No. 23 at 162.)

On January 5, 2024, after completing the review of the First Documents, Hilber advised Malley's of its failure to produce documents from the period of time when infringing uses occurred.  (Doc. No. 39 at 430-31.)  Between January 22 and 26, 2024 – *i.e.,* one month before the second-extended discovery cutoff – Plaintiff filed deposition notices for:   Dan Malley, Sharra Hlavac, Karen Schauer, Amanda Nugent, Dave Haney, and Miranda Tulcewicz.  (*See* Doc. Nos. 25-32.)  From January 22, 2024 onward, the parties communicated regarding Plaintiff's desire to conduct a Rule 30(b)(6) deposition.  (Doc. Nos. 39-2, 39-3.)  On January 25, 2024, Plaintiff filed a notice of service of a second set of interrogatories and production requests. (Doc. No. 31.)  On January 27, 2024, Plaintiff filed a notice of service of a subpoena for documents on a third-party called Doe Media.  (Doc. No. 34.)

On February 9, 2024, Malley's deposed Dan Malley, a former Malley's executive who primarily directed Malley's use of Hilber's work during much of the alleged infringing uses. (Doc. No. 39 at 430-31.) On February 15, 2024, Malley's provided additional documents, some of which identified Promise Holdings as an owner and operator of Malley's during the Infringement Period.  (*Id.* at 431.)

Two days before the second-extended discovery cutoff, on February 26, 2024, Plaintiff filed the present motion for leave to file an amended complaint.  (Doc. No. 33.)  The proposed

6

amended complaint would add two new defendants: Malley's new majority shareholder, Promise Holdings, LLC; and Malley's new design or advertisement vendor, which does business as Doe Media.  (Doc. No. 33-1.)

The day before the second-extended discovery cutoff, on February 27, 2024, Plaintiff filed another motion to extend discovery deadlines by another ninety days.  (Doc. No. 35.)  Also on February 27, 2024, Plaintiff contacted the Court to apprise:

> Prior to the Conference set by the Court resulting from our first request under L.R. 37.1, the Parties had a conference that appeared to address and fully resolve the initial discovery deficiencies under Rule 26.   However, subsequent to that discussion, significant production deficiencies remain and new issues have arisen as a result of a massive document production comprising 81,000 documents only twelve days ago, which makes the current discovery deadline impractical and quite simply, insurmountable.   Further issues associated with numerous incomplete depositions remain and which were not resolved despite efforts to do so without intervention.   Quite simply, the number and type of discovery issues that remain are substantial and have been exacerbated by the recent eleventh-hour document production.

> Counsel for Ms. Hilber certifies that they have met and conferred in good faith with Malley's counsel in an effort to resolve the dispute prior to contacting the Court this second time.  In addition to the prior written and phone correspondence, counsel for both parties have exchanged written letters regarding their positions and have spoken by phone.  These efforts have not resolved the dispute.

> After continued efforts to resolve the current dispute, the Parties are at an impasse. We respectfully seek guidance from the Court on its preferences for proceeding with this dispute.  This e-mail as well as recent activity takes place with full awareness of the discovery deadline that occurs tomorrow and the Court's prior generous extension of dates.

(Email correspondence to Chambers Feb. 27, 2024.)

On February 28, 2024, the Court scheduled a status conference and permitted the parties to file position papers regarding discovery disputes.  (Docket Order Feb. 28, 2024.)  On March 4, 2024, the Court held a three-and-a-half hour in-person conference with both sides.  (Minute Order March 5, 2024.)

The Court heard arguments on various discovery disputes and ORDERED the following: by April 3, 2024, Defendant is to (1) identify by bates numbers those Facebook, Instagram, Twitter, email, and hard copy advertisements in Defendant's possession, custody or control that include the disputed images; (2) conduct a renewed search of emails that originated by Mike Malley including but not limited to the email identified as being sent by Mr. Malley on June 8, 2023, at 5:36:26 PM and its attachments; and (3) conduct a renewed search of materials that were withheld for privilege or work product.  In addition, Defendant is to resend the privilege log previously sent in December 2023 no later than 5:00 pm on March 5, 2024.

The parties jointly acknowledged an agreement to promptly schedule outstanding fact witness depositions.  As for any Rule 30(b)(6) depositions, the lone remaining disputed topic, that being ownership of Malley's, will be submitted to the Court.  Plaintiff is to file a motion to compel by March 14, 2024, with an opposition to be filed by March 25, 2024, and any reply by March 28, 2024.  Plaintiff is to produce her tax return information no later than April 3, 2024.

Any tax return information may only be used in this litigation and may not be published or disclosed to third parties.  The Court also found that the presumption in favor of public access does not include tax return information in this case. . . .

With no stated opposition from Defendant, the Court GRANTED Plaintiff's motion to extend the current deadlines.  (Doc. No. 35.)  The new deadlines are as follows: non-expert discovery: April 29, 2024; expert report(s) for the party bearing the burden of proof: May 24, 2024; responsive expert reports: June 24, 2024; expert discovery: July 26, 2024; and dispositive motions: August 26, 2024.

At the conclusion of the hearing, Mr. Fogarty made an unopposed oral motion to extend the time to respond to Plaintiff's Motion for Leave to Amend Complaint (Doc. No. 33) until March 14, 2024.  The Court GRANTED that motion.

(Minute Order March 5, 2024.)

## II.     Law and Analysis

### A.   Leave to Amend Complaint

This motion is subject to the Court's discretion.  *See Leary v. Daeschner*, 349 F.3d 888, 904 (6th Cir. 2003) ("A district court's decision is to be afforded great deference" with respect to granting leave to amend.)  Plaintiff's motion is brought pursuant to Fed. R. Civ. P. 15(a)(2).  (Doc. No. 33 at 192, 196, 199.)  Plaintiff urges that she "satisfies the liberal opportunity to amend afforded by Rule 15."  (*Id.* at 196.)  As explained below, Plaintiff relies on an incorrect

rule and legal standard.

### 1.    Rule 15(a)(2)

Rule 15(a) generally governs amendments to pleadings and provides that after a responsive pleading is filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This rule has been characterized as reflective of "a liberal policy of permitting amendments." *Langley v. Credit Suisse First Bos. Corp.*, 89 F. App'x 938, 943 (6th Cir. 2004) (quoting *Ellison v. Ford Motor Co.,* 847 F.2d 297, 300 (6th Cir. 1988)).

"Nevertheless, the party requesting leave to amend must 'act with due diligence if it wants to take advantage of the Rule's liberality.'" *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (quoting *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995)). Moreover, the Sixth Circuit instructs that a "motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). In determining what constitutes prejudice, the Court considers whether the addition of the new claim and resulting new class wouldo require the Defendant to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the Plaintiff from bringing a timely action in another jurisdiction. *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994).

### 2.    Rule 16

"[W]hen a party seeks to amend its pleadings or join additional defendants *after* the expiration of scheduling order deadlines, it must show good cause under Rule 16(b)." *Garza v.*

*Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020) (emphasis added).  The Sixth Circuit explains:

> The question . . . is whether the district court abused its discretion in denying Plaintiffs' motion for leave to amend their complaint because the motion was filed after the Rule 16 deadline for amendments had passed.  The answer is decidedly "no," because the Plaintiffs failed to show good cause and because [defendant] would suffer undue prejudice.  This is so even though the clear language of Rule 15 states that leave to amend "shall be freely given." Fed. R. Civ. P. 15(a).  Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a).  Our previous decisions suggest that the district court also is required to evaluate prejudice to the opponent before modifying the scheduling order.  Thus, in addition to Rule 16's explicit "good cause" requirement, we hold that a determination of the potential prejudice to the nonmovant also is required when a district court decides whether or not to amend a scheduling order.

*Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (citations omitted); *see also Inge v. Rock Fin. Corp.*, 388 F.3d 930, 934 (6th Cir. 2004) ("Fed. R. Civ. P. 16(b) requires a district court to enter a scheduling order for matters such as amendments to the pleadings and indicates that the order 'shall not be modified except upon a showing of good cause.'").

 "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet' the scheduling order's requirements, but courts also consider 'possible prejudice to the party opposing the modification.'"  *Garza,* 972 F.3d 853, 879 (quoting *Inge*, 281 F.3d at 625).  "'[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.'"  *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) (citation omitted).

### 3.    Application to the Motion

Plaintiff's motion for leave to amend makes no mention of Rule 16 or the 'good cause' standard.  (*See* Doc. No. 33.)  That void alone would warrant denial of the motion.  *See Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004).  Notwithstanding, the Court will consider

the request to amend.

 Plaintiff's rationale rests primarily on the following:

 On February 8, 2024, Malley's deposed Karen Shauer ("Shauer"), a Malley's administrative assistant involved in directing Malley's use Hilber's work during the Infringement Period.

 On February 9, 2024, Malley's deposed Dan Malley, a Malley's executive who primarily directed Malley's use of Hilber's work during the Infringement Period.

 Not until February 8 and 9, 2024, during the depositions of Schauer and Dan Malley did Hilber learn that Malley's sold its majority ownership to a hitherto unknown entity, Promise Holdings, effective during the Infringement Period.

 Also, not until February 8 and 9, 2024, during the depositions of Schauer and Dan Malley did Hilber learn that Malley's was using Prolific *d.b.a.* Doe for its graphic design services.

(Doc. No. 33 at 198-99 ¶¶ 19-22.)

 For a few reasons, this explanation does not suffice to show good cause.  Plaintiff has not shown diligent efforts to comply with existing deadlines.  And while Plaintiff's motion makes a singular reference to the June 15, 2023 deadline to amend pleadings or add parties, she discusses it no further.  (*See* Doc. No. 33 at 194; *see also* Doc. No. 40.)

 Notably, the reason that depositions of Defendant's personnel occurred in the last month of discovery is because Plaintiff issued notice of six fact witness depositions with only around a month remaining in the twice-extended discovery period.  (*See* Doc. Nos. 25-32.)  The tenor of Plaintiff's motion papers and prior submissions to the Court seem to labor under an incorrect premise that not a single deposition could be taken until all the written discovery had been completed.  That may have been Plaintiff's preference, but the law does not require one form of discovery to be completed before another can begin.  Under the Federal Rules, "methods of discovery may be used in any sequence."  Fed. R. Civ. P. 26(d)(3)(A).

 Plaintiff's motion papers (and prior position statements) recount that she has been

dissatisfied with the content, scope, and mediums of Defendant's interrogatory answers and
document production(s) for the better part of a year.

> Malley's delayed its discovery responses, both through its written discovery
> responses and its document production, until the bitter end of fact discovery –
> slated to end in two days.  These entities were only discovery because of
> relentless efforts on the part of Hilber to obtain tens of thousands of documents
> that Malley's should have, but refused to, produce until the last minute. Further,
> other efforts by Malley's to impede and slow discovery in this matter to a mere
> halt resulted in Hilber only discovering the identify of these entities and their
> prolific role in the infringement of Hilber's work within the past two and a half
> weeks.

(Doc. No. 33 at 195-96.)

     If Plaintiff felt that Defendant counsel's tactics were stifling discovery by written means

since April 2023, Plaintiff had Fed. R. Civ. P. 30 and 31 at her disposal to question witnesses.[4]

Plaintiff's motion and reply offer no explanation or justification for her failure to take a

deposition anytime in 2023, when she could have posed two simple questions to an officer of

Malley's and learned the same information that the motion says were discovered in February

2024: by asking who owns Malley's and who performed Malley's graphic design work after the

split with Ms. Hilber?  Plaintiff chose to wait until the discovery period was near its end.

     In addition to a lack of diligence, Plaintiff provides no persuasive explanation for (A)

why she needs to add the new parties, or (B) why she just recently realized the need for their

joinder to this pending action.  Plaintiff has known or should have known from the outset of this

case that Malley's was owned by shareholders.  In her original Complaint, Plaintiff pleaded that

Malley's was a corporation.  (Doc. No. 1 at 2 ¶ 5.)   If Plaintiff believed that any shareholders of

Malley's were or could be liable for their corporation's infringing use of the Works, then

Plaintiffs could have sought to add shareholders or owners as defendants earlier in this case.

---

[4] Of course, if Defendant violated the rules of discovery, then recourse may be had under Fed. R.
Civ. P. 37.

Instead, Plaintiff submitted documents to this Court indicating that although she wanted more time to complete discovery, she did *not* need more time to amend the pleadings or to add new parties.  (*See* Doc. No. 13 at 134; Doc. No. 18 at 148; Doc. No. 19 at 151.)

Finally, to commence another 90-day discovery period in support of new claims against affiliates of Malley's at this juncture would constitute prejudice to Malley's.  The delay would be significant.  And Plaintiff has made no showing that she would be precluded from bringing a timely action against either or both of the proposed additional defendants.  *See generally Phelps*, 30 F.3d at 662-63.  It also would be prejudicial to those new defendants – who would be forced to litigate in compressed time periods – without the luxury of the long discovery periods that Plaintiff has had.

For the reasons above, the motion for leave to amend the Complaint is denied.

### B.      Allegation of Repeat Infringing Uses in 2023

Although the focus of the proposed amended complaint was directed to adding claims against two new defendants, Hilber's motion also sought to add allegations of repeat infringing uses by Malley's in 2023.  (*See* Doc. No. 33-1 at 233 ¶ 99; *id. at* 241-42 ¶ 166.)  The Federal Rules provide a mechanism to account for developments that occurred while a matter is pending.

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

The Court, on its own motion, hereby grants Plaintiff leave to file, within five (5) business days, a supplement to the Complaint solely setting forth the two proposed paragraphs at Doc. No. 33-1 ¶ 99 and ¶ 166.  Defendant is granted five (5) business days to file a supplemental

13

answer to those two allegations.

### C.      Rule 30(b)(6) Deposition

The scope of discovery is within the discretion of the trial court.  *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  Discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998); *Mellon v. Cooper–Jarrett, Inc*., 424 F.2d 499, 501 (6th Cir. 1970).  "On a motion to compel discovery, the moving party bears the burden of demonstrating relevance."  *James v. Cuyahoga Cnty.*, 648 F. Supp. 3d 897, 903 (N.D. Ohio 2022) (quoting *White v. City of Cleveland*, 417 F. Supp. 3d 896, 902 (N.D. Ohio 2019).  If the movant makes such a showing, the burden then shifts to the non-movant to show that to produce the information would be unduly burdensome.  *Id*.

"The scope of examination permitted under Rule 26(b) is broader than that permitted at trial.  The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence."  *Lewis*, 135 F.3d at 402 (citation omitted).  "Relevant evidence need not be admissible at the trial" so long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Furth v. Zanic*, No. 1:06-cv-411, 2008 WL 11380207, at *2 (N.D. Ohio Oct. 15, 2008) (quoting Fed. R. Civ. P. 26).

Such lines of interrogation may be pursued by deposing a company, through its representative witness(es), on specified subjects.

> In its notice or subpoena, a party may name as the deponent a . . . private corporation, a partnership, . . . or other entity and must describe with reasonable particularity the matters for examination.  The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.  . . .  The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

14

Fed. R. Civ. P. 30(b)(6). Rule 30(b)(6) depositions are subject to the same broad scope as other forms of discovery. *See generally Smith v. Gen. Mills, Inc.*, No. 04-705, 2006 WL 7276959, at *3 (S.D. Ohio Apr. 13, 2006) (collecting authorities). Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Having ruled that there is not good cause to add Malley's majority shareholder and third-party graphic designer as parties, the scope of the requested Rule 30(b)(6) deposition is hereby narrowed to ensure compliance with Fed. R. Civ. P. 26(b)(1). Plaintiff is granted leave to take a Rule 30(b)(6) deposition, and Defendants is ordered to produce a corporate representative witness(es) on the following modified Subject Nos. 4, 6, and 8:

>    (4)    contracts and agreements for graphic artwork that includes Hilber's images, in whole or in part;
>
>    (6)    Malley's continued use of, or authorization of the continued use of, Hilber's copyrighted images; and
>
>    (8)    Malley's profits resulting from the infringing activity.

(Doc. No. 39 at 429.)

Defendant's refusal to designate one or more corporate representatives to testify on its behalf as to the subjects listed above is contrary to the broad scope of Rule 26. Defendant argues that "Promise Holdings only obtained an interest in Malley's two years after the alleged infringement began, and six months after the filing of this Complaint." (Doc. No. 41 at 642.) This does not preclude the possibility that Malley's might possess relevant, admissible information.

For the reasons above, Plaintiff's motion to compel is granted. Malley's shall identify its corporate representative(s) on the enumerated subjects quoted above and produce such

witness(es) for deposition by or before April 29, 2024.

### III.  <u>Conclusion</u>

For the reasons above, Plaintiff's Motion for Leave to Amend the Complaint (Doc. No. 33) is DENIED.  Plaintiff's Motion to Compel Civil Rule 30(b)(6) Deposition Regarding Ownership and Related Evidence (Doc. No. 39) is GRANTED in part.

**IT IS SO ORDERED.**

**Date:** April 22, 2024

_____

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE