PLAINTIFF'S EXHIBIT 41

# Chapter 2

# Serving as a Financial Expert in Litigation*

Stephen L.
Buffo David P. Hoffman
Roman L. Weil

## 2.1 Introduction

### (a) Financial Expert Services Provided by CPAs and Others

Disputing parties and their legal counsel frequently engage experts to provide assistance in evaluating the financial and related business aspects of the issues in dispute. The financial expert has a responsibility to explore the facts and to reach an opinion on the financial and related business matters at hand, and to communicate that opinion to the trier of fact. The manner in which financial experts conduct their work and the way this process plays out depends on a number of variables including, most notably, the dispute resolution venue and its rules and procedures governing expert witnesses. For many years, the most common venues for civil litigation in the United States have been the federal and state court systems. This chapter will discuss financial expert services in the context of civil courts; however, many of the

assist lawyers in analyzing the expert's work and the strengths and weaknesses of its support.

### (ii) Proof of Business Facts

In commercial litigation, factual evidence—except that derived from testimony—comes principally from the business records of the parties or from industry and market sources. Financial experts can help lawyers obtain, understand, authenticate, organize, and explain this information.

Experts can base opinion testimony on either facts or assumptions. They usually base assumptions on facts or presumptions from facts. In either case, the expert must lay a proper foundation as to the source of the information. Financial experts can help to develop these facts by collecting the relevant business or industry data to support their own or other experts' opinions. Rule 702 of the U.S. Federal Rules of Evidence requires that experts reliably apply their methods to the facts of the case. Accordingly, even when testifying based on hypothetical premises, the expert must have confidence in the plausibility of those premises. The expert who accepts implausible assumptions is fishing with his reputation for bait.

### (iii) Computation of Damages

Financial experts often calculate damages in commercial litigation, and this topic dominates much of the remainder of this book. Numerous types of damages occur—such as actual losses of cash or equivalents, or other property, or expected profits—and practitioners have developed methods to compute them. The type of damages that the expert must compute can be a question of fact or opinion, and may also be a function of what the law permits, such as statutory rates of interest. The law may also limit recovery of certain types of damages in certain causes of action.

The financial expert should communicate with the attorney to agree on the type of damages to calculate and an appropriate method of computation. Otherwise, the court can rule a calculation inadmissible as inappropriate to the circumstances.

Actual loss incurred defines one type of damages recovery. Experts compute this form of restitution, which applies in many fraud cases, as the difference between what the plaintiff paid for something and the actual value received or as the value of something once but no longer possessed.

The expected profits from a proposed contract or deal represent another common type of recovery. Practitioners often refer to this as the benefit-of-the-bargain approach of computing damages in contract disputes. Plaintiffs often claim lost profits in business litigation, measured as the amount by which the plaintiff's actual earnings fall short of the earnings that would have occurred but for the defendant's illegal actions. Practitioners most often state this formula as the difference between but-for profits (i.e., those that the plaintiff would have earned but for the defendant's improper act) and actual profits. Disgorgement of a wrongdoer's ill-gotten gains or profits is often an alternative to a plaintiff's lost profits. More generally, most damages analyses require the use of assumptions and projections about what would have happened if the defendant had behaved differently.

Examples of other types of damages claims include reasonable royalty analyses in patent infringement, actual cash value computations under business property insurance policies, and monetary cost to restore the plaintiff back to the starting point under equitable rescission theories in some contract cases. Chapter 4 describes many of these alternative types of damages in the context of a framework for developing a damages claim; subsequent chapters discuss specific types of damages in more detail.