PLAINTIFF'S EXHIBIT 43



Quick search by citation:

**Title**

enter title

**Section**

section

Go!

# 18 U.S. Code § 1836 - Civil proceedings

U.S. Code Notes

**(a)** The Attorney General may, in a civil action, obtain appropriate injunctive relief against any violation of this chapter.

**(b) Private Civil Actions.—**

**(1) In general.—**
An owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce.

**(2) Civil seizure.—**

**(A)** In general.—

**(i)** Application.—
Based on an affidavit or verified complaint satisfying the requirements of this paragraph, the court may, upon ex parte application but only in extraordinary circumstances, issue an order providing for the seizure of property necessary to prevent the propagation or dissemination of the trade secret that is the subject of the action.

**(ii)** Requirements for issuing order.—The court may not grant an application under clause (i) unless the court finds that it clearly appears from specific facts that—

**(I)** an order issued pursuant to Rule 65 of the Federal Rules of Civil Procedure or another form of equitable relief would be inadequate to achieve the purpose of this paragraph because the party to which the order would be issued would evade, avoid, or otherwise not comply with such an order;

**(II)** an immediate and irreparable injury will occur if such seizure is not ordered;

**(III)** the harm to the applicant of denying the application outweighs the harm to the legitimate interests of the person against whom seizure would be ordered of granting the application and substantially outweighs the harm to any third parties who may be harmed by such seizure;

**(IV)** the applicant is likely to succeed in showing that—

**(aa)** the information is a trade secret; and

**(bb)** the person against whom seizure would be ordered—

**(AA)** misappropriated the trade secret of the applicant by improper means; or

**(BB)** conspired to use improper means to misappropriate the trade secret of the applicant;

**(V)** the person against whom seizure would be ordered has actual possession of—

**(aa)** the trade secret; and

**(bb)** any property to be seized;

**(VI)** the application describes with reasonable particularity the matter to be seized and, to the extent reasonable under the circumstances, identifies the location where the matter is to be seized;

**(VII)** the person against whom seizure would be ordered, or persons acting in concert with such person, would destroy, move, hide, or otherwise make such matter inaccessible to the court, if the applicant were to proceed on notice to such person; and

**(VIII)** the applicant has not publicized the requested seizure.

**(B)** Elements of order.—If an order is issued under subparagraph (A), it shall—

**(i)** set forth findings of fact and conclusions of law required for the order;

**(ii)** provide for the narrowest seizure of property necessary to achieve the purpose of this paragraph and direct that the seizure be conducted in a manner that minimizes any interruption of the business operations of third parties and, to the extent possible, does not interrupt the legitimate business operations of the person accused of misappropriating the trade secret;

**(iii)**

**(I)** be accompanied by an order protecting the seized property from disclosure by prohibiting access by the applicant or the person against whom the order is directed, and prohibiting any copies, in whole or in part, of the seized property, to prevent undue damage to the party against whom the order has issued or others, until such parties have an opportunity to be heard in court; and

**(II)** provide that if access is granted by the court to the applicant or the person against whom the order is directed, the access shall be consistent with subparagraph (D);

**(iv)** provide guidance to the law enforcement officials executing the seizure that clearly delineates the scope of the authority of the officials, including—

**(I)** the hours during which the seizure may be executed; and

**(II)** whether force may be used to access locked areas;

**(v)** set a date for a hearing described in subparagraph (F) at the earliest possible time, and not later than 7 days after the order has issued, unless the party against whom the order is directed and others harmed by the order consent to another date for the hearing, except that a party against whom the order has issued or any person harmed by the order may move the court at any time to dissolve or modify the order after giving notice to the applicant who obtained the order; and

**(vi)** require the person obtaining the order to provide the security determined adequate by the court for the payment of the damages that any person may be entitled to recover as a result of a wrongful or excessive seizure or wrongful or excessive attempted seizure under this paragraph.

**(C)** Protection from publicity.—
The court shall take appropriate action to protect the person against whom an order under this paragraph is directed from publicity, by or at the behest of the person obtaining the order, about such order and any seizure under such order.

**(D)** Materials in custody of court.—

**(i)** In general.—
Any materials seized under this paragraph shall be taken into the custody of the court. The court shall secure the seized material from physical and electronic access during the seizure and while in the custody of the court.

**(ii)** Storage medium.—
If the seized material includes a storage medium, or if the seized material is stored on a storage medium, the court shall prohibit the medium from being connected to a network or the Internet without the consent of both parties, until the hearing required under subparagraph (B)(v) and described in subparagraph (F).

**(iii)** Protection of confidentiality.—
The court shall take appropriate measures to protect the confidentiality of seized materials that are unrelated to the trade secret information ordered seized pursuant to this paragraph unless the person against whom the order is entered consents to disclosure of the material.

**(iv)** Appointment of special master.—
The court may appoint a special master to locate and isolate all misappropriated trade secret information and to facilitate the return of unrelated property and data to the person from whom the property was seized. The special master appointed by the court shall agree to be bound by a non-disclosure agreement approved by the court.

**(E)** Service of order.—
The court shall order that service of a copy of the order under this paragraph, and the submissions of the applicant to obtain the order, shall be made by a Federal law enforcement officer who, upon making service, shall carry out the seizure under the order. The court may allow State or local law enforcement officials to participate, but may not permit the applicant or any agent of the applicant to participate in the seizure. At the request of law enforcement officials, the court may allow a technical expert who is unaffiliated with the applicant and who is bound by a court-approved non-disclosure agreement to participate in the seizure if the court determines that the participation of the expert will aid the efficient execution of and minimize the burden of the seizure.

**(F)** Seizure hearing.—

**(i)** Date.—
A court that issues a seizure order shall hold a hearing on the date set by the court under subparagraph (B)(v).

**(ii)** Burden of proof.—
At a hearing held under this subparagraph, the party who obtained the order under subparagraph (A) shall have the burden to prove the facts supporting the findings of fact and conclusions of law necessary to support the order. If the party fails to meet that burden, the seizure order shall be dissolved or modified appropriately.

**(iii)** Dissolution or modification of order.—
A party against whom the order has been issued or any person harmed by the order may move the court at any time to dissolve or modify the order after giving notice to the party who obtained the order.

**(iv)** Discovery time limits.—
The court may make such orders modifying the time limits for discovery under the Federal Rules of Civil Procedure as may be necessary to

prevent the frustration of the purposes of a hearing under this subparagraph.

**(G)** Action for damage caused by wrongful seizure.—
A person who suffers damage by reason of a wrongful or excessive seizure under this paragraph has a cause of action against the applicant for the order under which such seizure was made, and shall be entitled to the same relief as is provided under section 34(d)(11) of the Trademark Act of 1946 (15 U.S.C. 1116(d)(11)). The security posted with the court under subparagraph (B)(vi) shall not limit the recovery of third parties for damages.

**(H)** Motion for encryption.—
A party or a person who claims to have an interest in the subject matter seized may make a motion at any time, which may be heard ex parte, to encrypt any material seized or to be seized under this paragraph that is stored on a storage medium. The motion shall include, when possible, the desired encryption method.

**(3) Remedies.—**In a civil action brought under this subsection with respect to the misappropriation of a trade secret, a court may—

**(A)** grant an injunction—

**(i)** to prevent any actual or threatened misappropriation described in paragraph (1) on such terms as the court deems reasonable, provided the order does not—

**(I)** prevent a person from entering into an employment relationship, and that conditions placed on such employment shall be based on evidence of threatened misappropriation and not merely on the information the person knows; or

**(II)** otherwise conflict with an applicable State law prohibiting restraints on the practice of a lawful profession, trade, or business;

**(ii)** if determined appropriate by the court, requiring affirmative actions to be taken to protect the trade secret; and

**(iii)** in exceptional circumstances that render an injunction inequitable, that conditions future use of the trade secret upon payment of a reasonable royalty for no longer than the period of time for which such use could have been prohibited;

**(B)** award—

**(i)**

**(I)** damages for actual loss caused by the misappropriation of the trade secret; and

**(II)** damages for any unjust enrichment caused by the misappropriation of the trade secret that is not addressed in computing damages for actual loss; or

**(ii)** in lieu of damages measured by any other methods, the damages caused by the misappropriation measured by imposition of liability for a reasonable royalty for the misappropriator's unauthorized disclosure or use of the trade secret;

**(C)** if the trade secret is willfully and maliciously misappropriated, award exemplary damages in an amount not more than 2 times the amount of the damages awarded under subparagraph (B); and

**(D)** if a claim of the misappropriation is made in bad faith, which may be established by circumstantial evidence, a motion to terminate an injunction is made or opposed in bad faith, or the trade secret was willfully and maliciously misappropriated, award reasonable attorney's fees to the prevailing party.

**(c) Jurisdiction.—**
The district courts of the United States shall have original jurisdiction of civil actions brought under this section.

**(d) Period of Limitations.—**
A civil action under subsection (b) may not be commenced later than 3 years after the date on which the misappropriation with respect to which the action would relate is discovered or by the exercise of reasonable diligence should have been discovered. For purposes of this subsection, a continuing misappropriation constitutes a single claim of misappropriation.

(Added Pub. L. 104–294, title I, § 101(a), Oct. 11, 1996, 110 Stat. 3490; amended Pub. L. 107–273, div. B, title IV, § 4002(e)(9), Nov. 2, 2002, 116 Stat. 1810; Pub. L. 114–153, § 2(a), (d)(1), May 11, 2016, 130 Stat. 376, 381.)

## U.S. Code Toolbox

- Law about... Articles from Wex
- Table of Popular Names
- Parallel Table of Authorities
- How current is this?

Terms of use
Privacy