UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLINE HILBER, | ) | CASE NO.:  1:22-CV-02305 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| MALLEY'S CANDIES, INC., | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Before the Court is Plaintiff Caroline Hilber's Motion for Reconsideration of the Court's Order, in Part, on her Motion for Summary Judgment. (Doc. 93.)  The motion is opposed and fully briefed.  (Docs. 99, 102.)  For the reasons stated herein, Plaintiff Caroline Hilber's Motion for Reconsideration of the Court's Order, in Part, on her Motion for Summary Judgment (Doc. 93) is DENIED.

**I.  BACKGROUND**

This case concerns a copyright dispute between Caroline Hilber ("Paintiff" or "Hilber"), a graphic design artist, and Malley's Candies, Inc. ("Defendant" or "Malley's"), a confectioner in Northeastern Ohio.  (Doc. 45 at 670, ¶ 4; Doc. 75 at 2237.)[1]  Hilber did graphic design work for Malley's as an independent contractor between March 2018 and October 2021.  (Doc. 45 at 693, ¶¶ 80, 82.)

In December 2022, Hilber initiated this action.  (Doc. 1.)  Hilber alleges Malley's unlawfully and willfully infringed on her copyrighted materials on at least 528 occasions.  (*See* Docs. 1, 45; Doc. 73-2; Doc. 73-31.)  She claims Malley's had its designers extract elements

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

from Hilber's copyrighted images for use in Malley's ads after her relationship with Malley's ended.  (*See* Docs. 1, 45.)

Malley's responded with counterclaims against Hilber related to her alleged unauthorized use of Malley's' trademarks on her social media accounts and personal website.  (*See* Docs. 7, 49.)

On September 17, 2024, the parties filed cross-motions for summary judgment.  (Docs. 75, 76.)  Malley's argued Hilber granted Malley's an implied license to use her graphic designs, which prevented recovery on all of her claims.  (Doc. 75 at 2239.)  Hilber moved for summary judgment on: (1) Malley's assertion of implied license; (2) whether Hilber is entitled to prove profit damages as gross revenue under 17 U.SC. § 504(b); and (3) Malley's trademark counterclaims.  (Doc. 76 at 2263.)

On August 19, 2025, the Court issued its Memorandum Opinion and Order ("August 19, 2025 Order").  (Doc. 91.)  The Court found material fact issues precluded summary judgment for both parties on the implied license theory, including on whether the scope of any implied license included modifications or derivatives.  (*See id.* at 4310.)  The Court also found Hilber did not demonstrate she is entitled to profit damages of gross revenue as a matter of law.  (*Id.* at 4313.)  Additionally, the Court granted summary judgment in Hilber's favor on all of Malley's' counterclaims.  (*Id.* at 4311, 4321.)

On August 27, 2025, Hilber filed the instant motion.  (Doc. 93.)  Hilber requests partial reconsideration of the Court's August 19, 2025 Order.  Hilber asserts the Court committed clear error in denying summary judgment on two issues: (1) that Malley's cannot summarily establish an implied license extending to derivative works; and (2) the measure of actual damages for infringement is gross revenue under 17 U.S.C. § 504(b).  (Doc. 93 at 4326.)

## II.     LAW AND ANALYSIS

### A.     Standard of Review

District courts have authority to reconsider interlocutory orders under federal common law and Federal Rule of Civil Procedure 54(b).  *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)).  "'[C]ourts will find justification for reconsidering interlocutory orders whe[re] there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'"  *Luna v. Bell*, 887 F.3d 290, 297 (6th Cir. 2018) (quoting *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009)).

"It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue."  *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quotations and citation omitted); *see also Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018).  "Clear error arises most commonly from either misapplication of law or an intervening change in controlling precedent."  *Desai v. Geico Cas. Co.*, 541 F. Supp. 3d 817, 824 (N.D. Ohio 2021).  Motions to alter or amend are extraordinary and should be sparingly granted.  *See Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995) (citations omitted).

### B.     Implied License for Derivative Works

Hilber argues the Court committed clear error in finding that Malley's presented evidence supporting an implied license extending to derivative works.  (Doc. 93 at 4326, 4328-30.)  To

Hilber, Malley's did not meet its burden to set forth significant probative evidence regarding an implied license to create derivative works. (*Id.* at 4329-30.) She further asserts the Court's finding is based on argument of counsel, not evidence. (*Id.*)

In opposition, Malley's argues the evidence is replete with issues of fact as to whether Hilber granted Malley's an implied license to use her works, including any derivative works. (Doc. 99 at 4374.) To Malley's, the Court thoroughly reviewed that evidence and ruled a jury must make the ultimate determination based on the totality of the circumstances. (*Id.*) Malley's asserts Hilber's motion improperly renews arguments the Court already considered and rejected. (*Id.* at 4375.)

On summary judgment, "[o]nce the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." *Queen v. City of Bowling Green, Ky.*, 956 F.3d 893, 898 (6th Cir. 2020) (citations and quotations omitted). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Kalamazoo Acquisitions, L.L.C. v. Westfield Ins. Co., Inc.*, 395 F.3d 338, 342 (6th Cir. 2005). "[A] genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Abu-Joudeh v. Schneider*, 954 F.3d 842, 849 (6th Cir. 2020) (citations and quotations omitted). The Court's role is not to make credibility determinations or "weigh" conflicting evidence. *Payne v. Novartis Pharms. Corp.*, 767 F.3d 526, 530 (6th Cir. 2014).

There is no precise formula for determining whether an implied license exists, but the Court should examine the intent of the parties from the "totality of the circumstances." *Jeffrey A. Grusenmeyer & Assocs., Inc. v. Davison, Smith & Certo Architects, Inc.*, 212 F. App'x 510, 514 (6th Cir. 2007) (citing *Johnson v. Jones*, 149 F.3d 494, 500-02 (6th Cir. 1998)). The key issue is

intent, and the key question is whether the facts and the circumstances demonstrate that "the copyright owners intended that their copyrighted works be used in the manner in which they were eventually used." *Johnson*, 149 F.3d at 502.

In its August 19, 2025 Order, the Court summarized the evidence supporting Malley's implied license theory as follows:

> Hilber created the graphic designs at Malley's request; Hilber delivered the designs to Malley's; and Hilber intended that Malley's distribute her designs. (*Id.*) Hilber's September 2021 email was the first time she indicated she retained ownership rights. She agreed to upload her native files to Dropbox when she was hired. (Doc. 65-1 at 1111-13; Doc. 73-14 at 1931.) The fact that Malley's planned to modify her work in the future was the very reason they requested she upload her native files in Dropbox. (*See* Doc. 81 at 3456; Doc. 65-1 at 1019, 1111-13.) And Malley's graphic designers before and after Hilber had no expectation of ownership rights in the designs they created at Malley's request. (Doc. 66-1 at 1226-27; Doc. 67-1 at 1259-60, 1300-01; Doc. 71-1 at 1683.)

(Doc. 91 at 4308-09.) The Court then summarized Hilber's evidence against an implied license. (*See id.* at 4309-4310.) The Court found a genuine issue of material fact precluded summary judgment on the implied license defense where the parties put forth conflicting evidence as to their business arrangement and Hilber's intent. (*Id.* at 4310.)

The Court also acknowledged Hilber's argument that Malley's failed to contest the lack of an implied license for derivative works. (*Id.* at 4309-10.) The Court rejected this argument. (*Id.* at 4310-11.) The Court found, "In viewing the facts in the light most favorable to non-movant Malley's on this point, questions of fact remain as to whether an implied license existed, and whether the scope of any implied license included modifications or derivatives." (*Id.* at 4310.)

Hilber asserts the Court's findings on derivative works are based on argument of counsel rather than evidence. This assertion misconstrues the Court's August 19, 2025 Order. The Court cited to Dan Malley's September 2021 email and deposition testimony in support of Malley's

contention that Hilber agreed to upload her native files to Dropbox when she was hired. (Doc. 91 at 4309 (citing Doc. 65-1 at 1111-13; Doc. 73-14 at 1931).) The Court also cited to Dan Malley's deposition testimony on Hilber agreeing to upload her native files because "Malley's planned to modify her work in the future." (*Id.* (citing Doc. 81 at 3456; Doc. 65-1 at 1019, 1111-13).) The Court then cited to deposition testimony of other Malley's graphic designers, who had no expectation of ownership rights in their designs after their relationship with Malley's ended. (*Id.* (citing Doc. 66-1 at 1226-27; Doc. 67-1 at 1259-60, 1300-01; Doc. 71-1 at 1683).) The Court explained "[t]o Malley's, these facts establish Hilber granted an implied license to use her graphic designs after their relationship ended . . . ." (*Id.*) Finally, the Court rejected Hilber's argument that Malley's failed to contest an implied license for derivative works. (*Id.* at 4310.)

To Hilber, the citation to Malley's opposition brief, Doc. 81 at 3456, means the Court's August 19, 2025 Order regarding derivative works is not based on evidence. But Hilber ignores the record evidence the Court relied on and cited to in reaching its conclusions. In her reply, Hilber acknowledges the cited portion of Malley's opposition brief discusses the September 2021 email exchange. (*See* Doc. 102 at 4384-85 (citing Doc. 73-14).) But to Hilber, the email exchange says nothing about modifications or derivative works. (*Id.*) Hilber further asserts the Court's citation to Dan Malley's deposition testimony has no bearing on derivative works. The Court has rejected this argument once before. (*See* Doc. 91 at 4309-11.)

As detailed above, the Court found the September 2021 email exchange, as well as deposition testimony from Dan Malley and others, supports the inference that Malley's requested Hilber's native files when she was hired so that Malley's could modify Hilber's work after their relationship ended, and Hilber was aware of this fact. (*See* Doc. 91 at 4309-10 (citing 65-1 at 1019, 1111-13; Doc. 66-1 at 1226-27; Doc. 67-1 at 1259-60, 1300-01; Doc. 71-1 at 1683; Doc.

73-14 at 1931; Doc. 81 at 3456)).) Whether Malley's used the word "modifications" or "derivatives" in its briefing is immaterial. As the nonmovant on this point, the facts must be viewed in the light most favorable to Malley's. *Kalamazoo*, 395 F.3d at 342. Although Hilber argues the evidence leads to the opposite conclusion, the Court cannot weigh conflicting evidence on summary judgment. *Payne*, 767 F.3d at 530. As the Court previously found, Malley's met its burden to set forth specific facts showing a triable issue of material fact on the issue of implied license, including whether the scope extended to modifications or derivatives. (Doc. 91 at 4309-11; *see also Queen*, 956 F.3d at 898.) Hilber has not demonstrated an intervening change of controlling law, new evidence, or a need to correct a clear error or prevent manifest injustice. *Luna*, 887 F.3d at 297.

      **C.**     **Gross Revenue as Actual Damages Under 17 U.S.C. § 504(b)**

Hilber also asserts the Court committed clear error in denying Hilber's request to limit actual damages at trial to gross revenue. (Doc. 93 at 4327, 4331-34.) To Hilber, Malley's failed to meet its burden under 17 U.S.C. § 504(b) to introduce evidence that could reduce gross revenue as the measure of actual damages. (*Id.*) For this reason, Hilber asserts "as a matter of law, damages can only be gross revenue." (*Id.* at 4333.)

Malley's opposes Hilber's request for reconsideration on this point. (Doc. 99 at 4375-77.) Malley's argues Hilber's motion reiterates arguments the Court previously considered and rejected. (*Id.* at 4375-76.) To Malley's, it met its burden under 17 U.S.C. § 504(b) by producing an expert report that discusses mitigating factors that go to profit disgorgement. (*Id.* at 4376-77.)

In its August 19, 2025 Order, the Court found Hilber failed to meet her burden to support her argument that the Court could determine profit damages should be limited to gross revenue as a matter of law. (Doc. 91 at 4313.)

"The copyright owner is entitled to recover the actual damages . . . and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). "A burden-shifting process frames the lost-profits calculation." *Premier Dealer Servs., Inc. v. Allegiance Adm'rs*, LLC, 93 F.4th 985, 994 (6th Cir. 2024) ("*Premier*") (citation omitted). Once the copyright owner shows gross revenue, the infringer must show what part of its gross revenues did not result from infringement. (*Id.*) "It may do so by offering proof of its 'deductible expenses' as well as the 'elements of profit attributable to factors other than the copyrighted work.'" *Id.* (citing 17 U.S.C. § 504(b)). The calculation of expenses and allocation of profits, no surprise, are fact driven. *Id.* (citing *Bridgeport Music, Inc. v. Justin Combs Publ'g*, 507 F.3d 470, 484 (6th Cir. 2007)). "*[I]t is ultimately for the jury to decide how much profit—after hearing the infringer's mitigating evidence—must be disgorged.*" *ECIMOS, LLC v. Carrier Corp.*, 971 F.3d 616, 635 (6th Cir. 2020) (emphasis added); *see also Navarro v. Procter & Gamble Co.*, 515 F. Supp. 3d 718, 764 (S.D. Ohio 2021).

In her motion, Hilber recognizes damages "are matters of fact for a jury." (Doc. 93 at 4332.) She asserts she is not seeking to set damages as a matter of law. (*Id.*) But her motion does just that. (*Id.*) Hilber merely renews arguments the Court already considered and rejected. Her citation to a district court case setting copyright damages in the context of a motion for default judgment does not support a misapplication of law. (*See* Doc. 93 at 4333-34 (citing *Prepared Food Photos, Inc. v. Antonio's Pizza, Inc.*, No. 1:23-cv-2470, 2024 U.S. Dist. LEXIS 81650, 2024 WL 1996753, at *7 (N.D. Ohio May 6, 2024)).)

Malley's maintains, as it did on summary judgment, its expert calculated Hilber's actual damages and described mitigating factors that go to profit disgorgement. (Doc. 99 at 4376-77.)

As the Court noted in its August 19, 2025 Order, the Court held its ruling on the parties' expert challenges.  (Doc. 91 at 4313.)  The Court did not discount the fact that Malley's raised its expert report as mitigating evidence in opposition to Hilber's request to limit damages.  The Court simply held it could resolve Hilber's request without considering the substance of the parties' competing expert opinions and challenges thereto.  (*See id.*)  As the nonmovant on this point, all justifiable inferences must be drawn in Malley's' favor.

The Court already found Hilber did not meet her burden to support that as a matter of law, actual damages should categorically be limited to gross revenue at trial under 17 U.S.C. § 504(b).  (Doc. 91 at 4313.)  The jury must decide how much profit, if any, must be disgorged.  *See ECIMOS, LLC*, 971 F.3d at 635.  That Hilber disagrees with this conclusion is not grounds for reconsideration.  She has not demonstrated an intervening change of controlling law, new evidence, or a need to correct a clear error or prevent manifest injustice.  *Luna*, 887 F.3d at 297.  And as the Court already stated, Malley's will not be permitted to introduce profit disgorgement evidence at trial that it failed to produce during discovery.

### III. CONCLUSION

For the reasons stated herein, Plaintiff Caroline Hilber's Motion for Reconsideration of the Court's Order, in Part, on her Motion for Summary Judgment (Doc. 93) is DENIED.

**IT IS SO ORDERED.**

**Date:**  October 17, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE