UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLINE HILBER, | ) | CASE NO.:  1:22-CV-02305 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| MALLEY'S CANDIES, INC., | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Malley's Candies, Inc.'s ("Defendant" or "Malley's")

Motion For Leave to Substitute Expert Witness, Steve Buffo, or, in the Alternative, to Continue

Trial.  (Doc. 96.)  Plaintiff Caroline Hilber ("Paintiff" or "Hilber") opposed the motion (Doc.

103), and Malley's replied (Doc. 105.)  For the reasons stated herein, Defendant Malley's

Candies, Inc.'s Motion For Leave to Substitute Expert Witness, Steve Buffo, or, in the

Alternative, to Continue Trial (Doc. 96) is GRANTED in part.

I.      **BACKGROUND**

On September 17, 2024, expert discovery concluded in this case.  (*See* 8/9/2024 Order.)

The same day, the parties filed cross-motions for summary judgment.  (Docs. 75, 76.)  The

parties also filed motions seeking to exclude the report and testimony of each other's experts.

(Docs. 72, 87.)

On August 19, 2025, the Court ruled on the parties' cross-motions for summary

judgment.  (Doc. 91.)  The Court held its ruling on the parties' expert challenges at that time.

(Doc. 92.)  The Court set oral argument on the expert motions to be held at the final pretrial

conference.  (*Id.* at 4323.)  The Final Pretrial Conference is set for December 5, 2025, with a Jury Trial to begin on January 5, 2026.  (Doc. 94.)

On September 15, 2025, Malley's learned its retained expert, Steve Buffo of the Stout Consulting Firm, had been hospitalized with a serious medical condition.  (Doc. 96 at 4349, 4351.)  On September 22, 2025, Malley's filed the instant motion.  (Doc. 96.)  Malley's moves the Court for leave to substitute its expert witness for a replacement expert from Stout Consulting Firm, Angela Izuel.  (*Id.* at 4349, 4351.)  Alternatively, Malley's requests an order continuing the trial date for eight to ten weeks.  (*Id.* at 4354).  Malley's' motion is supported by a declaration from counsel and Angela Izuel's CV.  (Docs. 96-1, 96-2.)  On September 25, 2025, Malley's supplemented its motion with a note from Nicole Smith, PA, Physician's Assistant to Dr. Kenneth Uchino of The Cleveland Clinic Main Campus.  (Docs. 100, 100-1.)  Smith states, "Mr. Stephen Buffo was admitted to the Cleveland Clinic hospital for an acute illness from 9/7/25 to 9/25/25.  He will be unable to work for the next 4 months."  (*Id.*)

On October 3, 2025, Hilber responded in opposition.  (Doc. 103.)  Hilber asserts Malley's' request to substitute its expert must be denied because Malley's has not properly established Buffo's unavailability for trial, Buffo's deposition testimony, rather than a substitute expert, should be presented at trial, substitution would prejudice Hilber, and a substitute expert cannot satisfy reliability requirements.  (*Id.* at 4401-02.)  Hilber further asserts the request for a trial continuance would prejudice her and should be denied.  (*Id.* at 4403.)

On October 9, 2025, Malley's replied.  (Doc. 105.)  Malley's argues it established its retained expert was hospitalized and is in critical condition, it acted promptly and diligently in notifying the Court and opposing counsel of its expert's unforeseen availability and finding a substitute witness, and Hilber will not be prejudiced by a substitute expert.  (*Id.* at 4454.)

## II.      LAW AND ANALYSIS

Courts considering a request to substitute an expert after the close of discovery have applied Federal Rule of Civil Procedure 16(b)'s good cause standard.  *Whiteside v. State Farm Fire & Cas. Co.*, No. 11-10091, 2011 U.S. Dist. LEXIS 123978, 2011 WL 5084981, at *1 (E.D. Mich. Oct. 26, 2011) (citing *Doctor's Assocs., Inc. v. QIP Holder LLC*, Case No. 06–1710, 2009 U.S. Dist. LEXIS 119949, 2009 WL 5184404, at *4 (D. Conn. Dec. 23, 2009) (collecting cases)).  "The primary measure of 'good cause' under Rule 16(b) is whether the moving party has worked diligently in attempting to meet the case management order's requirements."  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citation omitted).  Also relevant is "possible prejudice to the party opposing the [substitution]."  *Id.* (citation omitted).

Courts have allowed the substitution of expert witnesses "when unforeseen events render the original expert witness unavailable to testify at trial."  *Whiteside*, 2011 WL 5084981, at *1 (good cause to substitute where original expert sustained life-threatening injuries in a motorcycle accident) (citing *Doctor's Assocs., Inc.*, 2009 WL 5184404 (good cause to substitute where original expert withdrew due to a conflict of interest)); *Howard v. Securitas Sec. Servs., USA, Inc.*, Case No. 08-2746, 2011 U.S. Dist. LEXIS 67435 (N.D. Ill. June 23, 2011) (substantial justification to substitute where original expert witness was recovering from leukemia); *Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, Case No. 04–396, 2010 U.S. Dist. LEXIS 103744, 2010 WL 3892860 (N.D. Ind. Sept. 30, 2010) (good cause to substitute where original expert was incarcerated)).

Courts granting motions to substitute experts after the close of discovery have routinely required the new expert's testimony to be limited to the subject matter opinions espoused in the first expert's report.  *See Roberts v. Galen of Virgina, Inc.*, 325 F.3d 776, 784 (6th Cir. 2003) (affirming district court's "sensible compromise," which prevented the substitute expert from

testifying "to matters outside of [the first expert's] report"); *Thompson v. Paasche*, 950 F.2d 306, 312-13 (6th Cir. 1991) (finding substitution of expert was not prejudicial to defendant where new expert's testimony was substantially the same as original expert's).

Malley's has demonstrated Buffo was hospitalized for an acute illness and has a serious health condition.  (*See* Docs. 96-1, 100-1, 103-3, 103-4.)  An unforeseen event has rendered Buffo unavailable to testify at trial.

Hilber argues "Rule 32(a)(4) provides the exclusive, well-established and proper mechanism for presenting [Buffo's] testimony at trial."  (Doc. 103 at 4401.)  The Court is not persuaded.  The plain language of Rule 32(a)(4) indicates that it is permissible for a court to allow deposition testimony at trial in the event of an unavailable witness, but it is not mandatory. *See* FED. R. CIV. P. 32(a)(4)(C) ("A party may use for any purpose the deposition of a witness, if the court finds . . . that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment . . . .").  Malley's argues the use of Buffo's deposition testimony would unfairly prejudice Malley's because it did not conduct a direct examination during the deposition.  (Doc. 105 at 4458.)  The Court agrees.

Under Rule 16's good cause standard, the Court begins with Malley's' diligence.  On September 15, 2025, Malley's learned of Buffo's hospitalization and serious health condition that would prevent him from testifying.  On September 22, 2025, within one week of learning of Buffo's unavailability, Malley's identified and disclosed a replacement expert and moved for leave to substitute that expert for Buffo.  (Doc. 96 at 4351.)  And Hilber does not challenge Malley's' diligence.  (Doc. 103 at 4414.)

Given Malley's' diligence, the Court must assess possible prejudice to Hilber.  Hilber asserts allowing substitution here will result in extreme prejudice because it will disrupt the

pending challenges to experts and will delay trial.  (Doc. 103 at 4414-15.)  Malley's asserts there is ample time to depose the replacement expert and offers to cover the costs of doing so.  (Doc. 96 at 4353.)  Malley's further states the replacement expert will testify in support of Buffo's report and will be limited to the scope of the original report.  (*Id.*; Doc. 105 at 4452, 4460.)

In *Whiteside*, the court found there was no prejudice because the substitution occurred three months before the scheduled trial and the new expert was expected to make findings substantially similar to those of the original expert.  2011 WL 5084981, at *2.  Hilber's attempt to distinguish *Whiteside* is unpersuasive.  (*See* Doc. 103 at 4411.)  Although there was no opposition to the motion to substitute, the *Whiteside* court noted the opposing party did not agree to the substitution.  2011 WL 5084981, at *1-2.  The court still considered the prejudice to the nonmoving party and found there was none.  *Id.*

Hilber received notice of the need to substitute Malley's expert on September 22, 2025, over three months before trial.  (Doc. 96.)  Hilber will be able to depose the replacement expert, at Malley's expense.  And the scope of the replacement expert's testimony will be limited to Buffo's original expert report.  The trial date will not change and any possible prejudice to Hilber is minimal.  Because Malley's replacement expert will be limited to Buffo's report, the pending challenge thereto is unaffected and will be addressed at the Final Pretrial Conference.  Accordingly, the Court finds good cause to allow substitution.  Malley's alternative request to continue the trial date is DENIED.

III.    CONCLUSION

For the reasons stated herein, Defendant Malley's Candies, Inc.'s Motion For Leave to Substitute Expert Witness, Steve Buffo, or, in the Alternative, to Continue Trial (Doc. 96) is GRANTED in part.  The Final Pretrial Conference set for **December 5, 2025**, and Jury Trial set for **January 5, 2026**, will be held as scheduled.  (Doc. 94.)  Izuel will be limited to Buffo's

original expert report.  Hilber may depose Izuel, at Malley's' expense, by no later than

**November 14, 2025**.  The Court further ORDERS Hilber's expert, Professor Christa Laser, to be

present at the Final Pretrial Conference.

**IT IS SO ORDERED.**

**Date:**  October 30, 2025

_____

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE